Francisco U. URIARTE, Petitioner–Appellant,

v.

C.A. TERHUNE, Director, Respondent–Appellee.

No. 00–55873, 00–55964.

D.C. No. CV–99–01438–JNK.

D.C. No. CV–99–01438–AA.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 29, 2001.

Before PREGERSON, FERNANDEZ and WARDLAW, Circuit Judges.

MEMORANDUM **

In Appeal No. 00–55873, Francisco U. Uriarte appeals pro se the district court's dismissal as untimely his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

As a preliminary matter, we dismiss Appeal No. 00–55964 as opened in error. The Clerk of this court is directed to transfer Uriarte's "Addendum to Appellant's Brief in Response to Appellees Reply Brief" from Appeal No. 00–55964 to Appeal No. 00–55873.

Uriarte contends that he is entitled to equitable tolling of the AEDPA's one-year statute of limitations for filing federal habeas petitions on the grounds that the following circumstances were "extraordi-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

nary": (1) Uriarte was transferred to another prison before his "jailhouse lawyer" could file the petition; (2) Uriarte could not timely find another "jailhouse lawyer" or counsel who could file his petition; and (3) he cannot speak, write or understand English. We review de novo the district court's dismissal of a § 2254 petition on statute of limitations grounds. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999).

Notwithstanding the involuntary transfer to another prison, we conclude that these circumstances were not "extraordinary" and did not make it "impossible" for Uriarte to file his federal habeas petition on time, where he conceded he was aware of the statute of limitations, waited more than two years after the applicable limitations period expired to file his § 2254 petition, and filed several state habeas petitions before and after the limitations period. *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288–89 (9th Cir.1997), *cert. denied*, 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998), *overruled on other grounds by Calderon v. United States District Court*, 163 F.3d 530 (9th Cir.1998) (en banc); *see also Moran v. McDaniel*, 80 F.3d 1261, 1271 (9th Cir.1996) (stating that there is no constitutional right to counsel in a state or federal habeas proceeding).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.