**Gerald GOWER, Petitioner–Appellant,**

v.

**Ana M. RAMIREZ–PALMER; et al., Respondents–Appellees.**

**No. 00–15693.**

**D.C. No. CV–98–02149–FCD.**

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2001 *.

Decided July 23, 2001.

Before KOZINSKI, T.G. NELSON and TALLMAN, Circuit Judges.

MEMORANDUM **

Gerald Gower appeals pro se the district court's denial of his 28 U.S.C.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

§ 2254 habeas petition challenging his state conviction for burglary. We have jurisdiction pursuant to 28 U.S.C. §§ 2253(c), and 1291. We review de novo the district court's denial of a section 2254 habeas petition, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.[1]

Gower's primary contention is that trial counsel was ineffective for failure to file a motion to suppress the pre-trial identifications by two eyewitnesses. Even assuming, as Gower asserts, that the pre-trial identification procedure was suggestive, the record indicates that under the totality of the circumstances, the identifications were reliable and admissible. *See Neil v. Biggers*, 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) (establishing five factors for determining the reliability of out-of-court identifications); *United States v. Bagley*, 772 F.2d 482, 492 (9th Cir.1985) ("If under the totality of the circumstances the identification is sufficiently reliable, identification testimony may properly be allowed into evidence even if the identification was made pursuant to an unnecessarily suggestive procedure."); *see also* Cal. Evid. R. § 402.

■ The percipient witnesses here provided the 911 dispatcher with a contemporaneous description of what Gower was wearing during the commission of the offense, and prior to the subsequent one-on-one show-up, each witness separately provided the police with corroborating descriptions of Gower as the burglary suspect. Under the totality of the circumstances, these extra-judicial identifications cannot be deemed unduly suggestive. *See Bagley*, 772 F.2d at 492. Accordingly, because Gower has not demonstrated

that the outcome of the trial would have been different but for counsel's failure to move to suppress the identifications, the district court properly denied relief with respect to this issue. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Finally, because Gower cannot show that trial counsel was ineffective, his contention that appellate counsel was ineffective for not timely pursuing this issue before the California Supreme Court also fails. *See Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *Morrison v. Estelle*, 981 F.2d 425, 429 (9th Cir.1992) (stating that counsel's failure to raise an issue on appeal does not constitute ineffective assistance of counsel where there is no reasonable likelihood of success).

Because the state court's conclusions were not clearly erroneous, the district court properly denied Gower's habeas petition. *See* 28 U.S.C. § 2254(d); *Van Tran v. Lindsey*, 212 F.3d 1143, 1153–54 (9th Cir.), *cert. denied*, — U.S. —, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000); *see also Weighall v. Middle*, 215 F.3d 1058, 1062 (9th Cir.2000) (concluding that the state court did not unreasonably apply clearly established federal law).

AFFIRMED.

---

1. As a preliminary matter, Gower contends that the district court erred by denying his petition rather than dismissing it to allow him to exhaust his claims in state court. This argument fails because the district court is authorized to deny unexhausted claims on the merits. *See* 28 U.S.C. § 2254(b)(2).