Freddie Lee WILLIAMSON,
Petitioner–Appellant,

v.

Suzan HUBBARD, Warden,
Respondent–Appellee.

No. 99–17603.

D.C. No. CV–98–00940–LKK.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 15, 2001 *.

Decided Oct. 4, 2001.

without oral argument. Fed. R.App. P. 34(a)(2)

Before WOOD, Jr.,** and KOZINSKI, and O'SCANNLAIN, Circuit Judges.

MEMORANDUM ***

Freddie Lee Williamson, a California state prisoner, appeals the federal district court's dismissal of his petition for writ of habeas corpus filed under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review *de novo* a district court's dismissal of a habeas petition. *See Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999).

Williamson argues that he was entitled to equitable tolling of AEDPA's one-year statute of limitations. Because Williamson's conviction became final prior to the April 24, 1996 enactment date of AEDPA, he had until April 23, 1997 to file his § 2254 petition unless the limitations time was tolled. *See Miles*, 187 F.3d at 1105.

Williamson, acting *pro se*, timely filed his first § 2254 petition on November 5, 1996, after the California Supreme Court had denied his petition for review on March 30, 1994. Williamson's petition was dismissed on May 23, 1997 for failure to exhaust state remedies because it contained both exhausted and unexhausted state claims. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Williamson did not refile an amended § 2254 petition containing only exhausted

---

** Honorable Harlington Wood, Jr., Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

claims. Instead, he chose to present his final state claims in a writ of habeas corpus before the California Supreme Court on September 18, 1997. That petition was denied on January 28, 1998, thereby exhausting Williamson's state claims. He then filed a second § 2254 petition in the federal district court on May 19, 1998.

The statute of limitations began to run on April 24, 1996. Williamson waited 194 days to file the first § 2254 petition on November 5, 1996. The district court, again adopting the findings and recommendations of the magistrate judge, tolled the statute while the federal petition was pending, relying on 28 U.S.C. § 2244(d)(2) (requiring tolling during the pendency of applications for state post-conviction or other collateral review). Although the Supreme Court has since held that § 2244(d)(2) does not toll the limitation period during the pendency of a petitioner's first federal habeas petition, *see Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001), giving Williamson the benefit of the district court's interpretation, the second federal petition was still time barred. The court began counting again on May 23, 1997 but stopped again on September 18, 1997, when Williamson filed the California Supreme Court habeas petition. *See Nino v. Galaza*, 183 F.3d 1003, 1005 (9th Cir.1999) (holding that AEDPA statute of limitations is tolled for time while state prisoner is attempting to exhaust state court remedies). That period totaled another 117 days. The California Supreme Court denied the habeas petition on January 28, 1998; that denial became final on February 27, 1998. *See Bunney v. Mitchell*, 262 F.3d 973, 975 (9th Cir.2001) (holding that denial of petition for habeas by California Supreme Court becomes final thirty days after order is issued). Another 79 days elapsed before Williamson filed his second § 2254 petition on May 19, 1998. The second petition was filed 25 days after the statute of limitations elapsed.

■ The government argues that the equitable tolling issue is barred because it was not raised before the district court. *See Bolker v. C.I.R.*, 760 F.2d 1039, 1042 (9th Cir.1985) (holding that generally appellate court may not consider any issue raised for the first time on appeal). However, in the second habeas proceeding, Williamson filed a motion objecting to the findings and recommendations of the magistrate judge, in which he mentions equitable tolling in citing *Calderon v. United States District Court for Central District (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998) (discussing equitable tolling and "extraordinary circumstances"). We have a "duty ... to construe pro se pleadings liberally," *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir.1995) (citing *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quotation omitted)), including complaints and motions filed by *pro se* prisoners. *See, e.g., United States v. Seesing*, 234 F.3d 456, 462–63 (9th Cir.2000). Therefore, we address the equitable tolling issue.

■ However, Williamson's second § 2254 petition was untimely unless he can demonstrate that extraordinary circumstances beyond his control made it impossible for him to file the petition in a timely manner. *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1287 (9th Cir.1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir.1998) (en banc); *Miles*, 187 F.3d at 1107 (tolling applies when the petitioner is prevented in some extraordinary way from asserting his rights). This circuit allows tolling in cases where external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. *See Miles*, 187 F.3d at 1107 (tolling statute where delay is attributable to pris-

on officials' failure to mail prisoner's timely submitted petition); *Calderon (Kelly)*, 163 F.3d at 541–42 (tolling statute in light of petitioner's possible mental incompetence); *Calderon (Beeler)*, 128 F.3d at 1289 (tolling statute where petitioner's lead counsel withdraws, leaving unusable work product for replacement counsel).

 Williamson claims that there is sufficient evidence in the record which would warrant equitable tolling, such as his requests for extension of time and a request for legal assistance. He also argues that the district court's order denying his first federal habeas petition confused and misled him as to how to proceed and the applicable limitations period, thereby meriting equitable tolling. Concerning the time limitations, the district court noted,

> Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

Although Williamson contends that the language could have been made more clear for a *pro se* petitioner, it was sufficient to put him on notice that he faced a one year statute of limitations and that, theoretically, his time may have begun to run when his conviction became final on March 30, 1994.

 Williamson has failed to show any extraordinary circumstances preventing him from complying with AEDPA's one year statute of limitations. There is nothing in the record to indicate why he waited nearly four months after his first federal

habeas petition was dismissed to file his habeas petition in the California Supreme Court, or why he waited another four months to file his second federal habeas petition after his California Supreme Court habeas petition was denied. Confusion, time extensions, and requests for legal assistance do not rise to the level of the "extraordinary circumstances" necessary for equitable tolling. *See Miles*, 187 F.3d at 1107; *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000) (holding ignorance of law, delays caused by inmate law clerk, and inaccessibility of law library do not create "extraordinary" circumstances which merit equitable tolling), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001). The district court properly dismissed Williamson's petition as time barred. *See Calderon (Beeler)*, 128 F.3d at 1289.

AFFIRMED.