Maria Rosa SANCHEZ, Petitioner—
Appellant,

v.

Susan POOLE, Warden; Attorney General of the State of California, Respondents—Appellees.

No. 02–55737.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 10, 2003.*

Decided Oct. 17, 2003.

Michael J. Brennan, Esq., USC Post–Conviction Justice, Los Angeles, CA, for Petitioner–Appellant.

Herbert S. Tetef, Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Before: BRUNETTI, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Maria Rosa Sanchez appeals the district court's dismissal of her petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The district court dismissed the petition as untimely. Sanchez asserts the district court committed reversible error in dismissing her petition because the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 should have been tolled due to extraordinary circumstances beyond her control. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 2253. We affirm.

Sanchez bears the burden of showing that the limitations period should be equitably tolled because of extraordinary circumstances beyond her control. *United*

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*States v. Marolf,* 173 F.3d 1213, 1218 n. 3 (9th Cir.1999). On appeal, Sanchez argues that she was prevented from timely filing her federal habeas petition due to her trial counsel's delay in forwarding Sanchez her case files.

This court has made clear that equitable tolling is "unavailable in most cases" and that "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir.2002). We have held that equitable tolling is available only when "extraordinary circumstances beyond a prisoner's control made it impossible to file a petition on time." *Calderon v. United States Dist. Court,* 163 F.3d 530, 541 (9th Cir.1998)(en banc). *See also Jihad v. Hvass,* 267 F.3d 803 (8th Cir.2001) (holding that tolling is not appropriate even though petitioner's defense counsel failed to send petitioner his trial transcript for 8 months). Sanchez has failed to demonstrate that it was impossible for her to file her petition on time because of a situation beyond her control.

Sanchez's argument that *Calderon v. United States Dist. Court ("Beeler"),* 128 F.3d 1283 (9th Cir.1997), guides us on this issue is not persuasive. *Beeler* addressed attorney work product that "was not usable by replacement counsel" because of a "turn of events over which Beeler had no control." *Id.* at 1289. Unlike in *Beeler,* any hardship that Sanchez suffered was caused by her own inaction during the limitations period.

Sanchez also asserts that she is entitled to equitable tolling because (1) she mistakenly thought the case files her trial counsel sent her would contain her trial transcript, (2) she mistakenly thought she had to raise new claims when she filed in federal court after the state court denied relief, (3) she was simultaneously involved with her daughter's Dependency Court case, and (4)

a pro bono attorney had Sanchez's files for 35 days during the limitations period. (Petitioner Brief at 16–17).

None of these circumstances rises to the level of "extraordinary." *See Williamson v. Hubbard,* 27 Fed.Appx. 733 (9th Cir.2001) (holding misunderstanding of the law does not entitle Petitioner to equitable tolling); *See also Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000) *cert. denied,* 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (holding ignorance of law, delays caused by inmate law clerk, and inaccessibility of law library do not create "extraordinary" circumstances which merit equitable tolling).

AFFIRMED.