**Jason RIVERA, Petitioner–Appellant,**

v.

**Anthony La MARQUE, Warden, Attorney General of the State of California, Respondents–Appellees.**

No. 00–56636.

D.C. No. CV–99–00249–RT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Nov. 30, 2001.

As Amended on Denial of Rehearing and Rehearing En Banc Jan. 8, 2002.

Before GOODWIN, WALLACE, and THOMAS, Circuit Judges.

MEMORANDUM*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Jason Rivera, a California State prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as time barred under 28 U.S.C. § 2244(d). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review a district court's dismissal of a habeas petition *de novo*. *See Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999).

Rivera contends that he was entitled to equitable tolling of the AEDPA's one-year statute of limitations because his first attorney abandoned his case after nine months of the limitations period had passed, leaving his replacement attorney with only two months in which to timely file Rivera's habeas petition.

■ Equitable tolling of the AEDPA's one-year statute of limitations is appropriate only where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Calderon v. United States Dist. Court for Cent. Dist. of Cal. (Beeler),* 128 F.3d 1283, 1288–89 (9th Cir.1997), *overruled on other grounds by Calderon v. United States Dist. Court for Cent. Dist. of Cal. (Kelly),* 163 F.3d 530, 540 (9th Cir.1998) (en banc).

We have recognized equitable tolling of the AEDPA's limitations period in situations where external forces, rather than a petitioner's lack of diligence, are the cause of the petition's untimeliness. *See Miles,* 187 F.3d at 1107 (equitably tolling AEDPA where prison authorities failed to follow prisoner's request to draw filing fee for habeas petition from his trust account and mail his check and petition to district court for filing); *Calderon (Kelly),* 163 F.3d at 541–42 (equitably tolling AEDPA because of district court's stay preventing petitioner's counsel from filing a timely habeas petition and because of petitioner's alleged mental incompetence). We have refused, however, to toll the AEDPA's limitations period based on an attorney's negligence. *See Frye v. Hickman,* 258 F.3d 1036, 1038 (9th Cir.2001) (refusing to toll the AEDPA's statute of limitations where petitioner's retained attorney negligently failed to file a habeas petition within the limitations period); *cf. Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (holding in Title VII context that attorney's ordinary negligence does not warrant equitable tolling).

■ Here, Rivera's attorneys' failure to file a petition within the AEDPA's limitations period did not amount to an extraordinary circumstance beyond Rivera's control. Rather, Rivera's attorneys' failure to file a petition constitutes ordinary attorney negligence. Therefore we conclude that Rivera is not entitled to equitable tolling of the AEDPA's statute of limitations.

AFFIRMED.