Juan Elvis HUTCHERSON, Petitioner—Appellant,

v.

C.A. TERHUNE, Director, Respondent— Appellee.

No. 00–55658.

D.C. No. CV–99–06008–NM(RZ).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 17, 2002.

Decided Feb. 6, 2002.

Before SCHROEDER, Chief Judge, MCKEOWN, Circuit Judge, and ZILLY, District Judge.[1]

MEMORANDUM *

Juan Hutcherson appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as untimely. We affirm.

Hutcherson filed his federal petition over two years after the statute of limitations expired. *See* 28 U.S.C. § 2244(d)(1) (providing a one-year limitations period). Thus, his petition is untimely absent some form of tolling. Hutcherson contends that

---

1. Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

he is entitled to equitable tolling for his attorney's dilatory behavior from the time that the limitations period began on April 24, 1996 until he succeeded in hiring replacement counsel in May of 1998. *See Calderon v. U.S. Dist. Court (Beeler),* 128 F.3d 1283, 1288 (9th Cir.1997) (equitable tolling granted "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). Even if his attorney's conduct rose to the level of "extraordinary conduct" necessary to establish equitable tolling, Hutcherson has not alleged facts sufficient to establish that "external forces, rather than [his] lack of diligence, account for his failure to file a timely claim." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999). Hutcherson fails to acknowledge the significance of his access to legal materials, including a "final" draft petition that was in his possession as early as October 1995, more than six months before the limitations period even began with the enactment of AEDPA on April 24, 1996. We therefore affirm the district court's dismissal of his petition as untimely.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.