**Nimoy Eric DAVIS, Petitioner–Appellant,**

v.

**Edward S. ALAMEIDA, Jr., Respondent–Appellee.**

No. 01–16842.

D.C. No. CV–99–01121–EJG.

United States Court of Appeals, Ninth Circuit.

---

Submitted March 11, 2002.*

Decided March 20, 2002.

Before FARRIS, W. FLETCHER, and FISHER Circuit Judges.

### MEMORANDUM **

Nimoy Eric Davis, a California state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we review de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999). We affirm.

Because Davis' conviction became final on June 10, 1997, the last day on which he could have timely filed his habeas petition was June 10, 1998. Accordingly, his petition filed on June 8, 1999, was untimely unless he can show that "extraordinary circumstances" beyond his control made it impossible for him to file a timely motion. *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998) (en banc). We conclude that he has not made the required showing.

Davis contends that he is entitled to equitable tolling because lock-downs that occurred at Pelican Bay State Prison made it impossible for him to timely file his petition. This contention is unpersuasive. Davis has never offered specific evidence demonstrated the he was a part of the prison population subjected to the lockdowns nor has he indicated the length of time that the lockdowns were in effect. Accordingly, Davis has not shown that the lockdowns made it impossible for him to file his habeas petition in a timely manner. The district court correctly concluded that Davis is not entitled to equitable tolling. *See c.f. Calderon (Kelly)*, 163 F.3d at 541.[1]

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Davis also contends that the AEDPA's one year statute of limitations violates Rule 9(a) of the rules governing section 2254 cases in the United States district courts, and contravenes settled expectations that petitioners do not face a statute of limitations as long as they act with reasonable diligence. No certificate of appealability was granted as to this issue and accordingly, we decline consideration. Ninth Cir. R. 22–1 advisory committee's note; *Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir. 1999) (per curiam), cert. denied, 529 U.S. 1009, 120 S.Ct. 1281, 146 L.Ed.2d 228 (2000). Further, Davis has failed to point to any authority suggesting that Rule 9 gives rise to a due process right, and none seems to exist.