**Kevin Lavelle WALTON, Petitioner–Appellant,**

v.

**Ernie ROE, Warden, et al., Respondents–Appellees.**

No. 01–55925.

D.C. No. CV–98–07206–R(RNB).

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002 *.

Decided July 30, 2002.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

MEMORANDUM **

California state prisoner Kevin Lavelle Walton appeals pro se the dismissal of his 28 U.S.C. § 2254 petition, challenging his 1995 jury trial conviction for second degree murder with use of a firearm. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), we affirm.

Walton contends that his appellate counsel was ineffective for filing a no-issues brief, pursuant to *People v. Wende,* 25 Cal.3d 436, 158 Cal.Rptr. 839, 600 P.2d 1071 (1979), because counsel did not raise on direct appeal the issue of whether the trial court erred by failing to conduct an evidentiary hearing regarding possible ju-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Walton's request for oral argument.

ror bias or misconduct. Based on our reading of the juror's letter to Walton and the attorney's affidavit relating the juror's statements, we conclude that the California state courts would not have allowed an evidentiary hearing regarding possible juror bias or misconduct. *See People v. Hedgecock,* 51 Cal.3d 395, 272 Cal.Rptr. 803, 795 P.2d 1260, 1272 (1990) (holding that a trial court may conduct an evidentiary hearing regarding juror misconduct only if it is "necessary to resolve material, disputed issues of fact"); *see also* Cal. Evid.Code § 1150(a) (prohibiting evidence, upon an inquiry as to the validity of a verdict, "to show the effect of [any] statement, conduct, condition, or event upon a juror"). In this case, appellate counsel was not ineffective for failing to raise meritless issues on appeal. *Turner v. Calderon,* 281 F.3d 851, 872 (9th Cir.2002).

Therefore, Walton has not demonstrated that the California state courts' decision rejecting his ineffective assistance of appellate counsel claim was contrary to, or involved an unreasonable application, of Supreme Court precedent. *See* 28 U.S.C. § 2254(d); *Smith v. Robbins,* 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000) (holding that the proper standard for evaluating claim that appellate counsel was ineffective in neglecting to file a merits brief is whether counsel's performance was deficient, and whether it prejudiced his defense).

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.