**Chisi Ray FAIRLY, Petitioner—Appellant,**

v.

**Anthony C. NEWLAND, Warden, Respondent—Appellee.**

No. 01–115396.

D.C. No. CV–00–00392–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 15, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM **

California state prisoner Chisi Ray Fairly appeals pro se the dismissal of his § 2254 petition, challenging his conviction after a jury trial for first degree robbery and unlawfully stealing the personal property of another. The district court dismissed the petition as untimely under 28 U.S.C. § 2244(d). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Fairly's conviction became final on July 7, 1998, so his federal habeas petition, filed on February 23, 2000, is untimely unless he is entitled to tolling of the one-year AEDPA statute of limitations.

Fairly first contends that he is entitled to equitable tolling because he was denied an extension to file a pro se supplemental brief to the California Court of Appeal after his lawyer filed a no-issues brief pursuant to *People v. Wende,* 25 Cal.3d 436, 158 Cal.Rptr. 839, 600 P.2d 1071 (1979). He also claims that his attorney did not timely return his transcripts after filing the *Wende* brief. Assuming that those facts are true, the events occurred well before Fairly's conviction became final and, therefore, before the AEDPA statute of limitations had even started to run. Fairly fails to make a connection between these events and an inability to file his federal petition on time. *See Miles* at 1107.

Next, Fairly contends that the filing of a *Wende* brief constitutes an extraordinary circumstance. Specifically, Fairly claims that a *Wende* brief is not an appeal under § 2244(d), so his conviction is not final and the AEDPA statute of limitations has not yet been triggered. No precedent supports his contention. *See Griffith v. Kentucky,* 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) (stating that "final" with regard to a conviction refers to a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition of certiorari elapsed or a petition for certiorari finally denied); *cf. Smith v. Robbins,* 528 U.S. 259, 276, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000) (holding that California's *Wende* procedure provides a criminal appellant an adequate and effective direct appeal).

Finally, Fairly claims that he is "actually innocent." Even if a sufficient showing of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

actual innocence could override the AEDPA statute of limitations, Fairly fails to make such a showing. *See Schlup v. Delo,* 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

As Fairly fails to demonstrate that extraordinary circumstances beyond his control prevented him from timely filing his petition, the district court properly dismissed Fairly's petition as time-barred.[1] *See Miles* at 1107; 28 U.S.C. § 2244(d).

AFFIRMED.

---

1. Fairly also contends that, pursuant to Rule 9(a) of the Rules Governing Section 2254 Cases, respondent must show prejudice when moving to dismiss a § 2254 petition on timeliness grounds. Although that was true before the enactment of AEDPA, 28 U.S.C. § 2244(d) now provides for a one-year limitation period and does not require a showing that the state was prejudiced.