Jorge VALENCIA, Petitioner— Appellant,

v.

C.A. TERHUNE, Director; Attorney General of the State of California, Respondents—Appellees.

No. 01–55293.

D.C. No. CV–00–04987–GHK.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 15, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM **

California state prisoner Jorge Valencia appeals the district court's denial of his 28 U.S.C. § 2254 petition, challenging his conviction and sentence for conspiracy to commit robbery, transportation of cocaine, and possession of cocaine for sale. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review the denial of a § 2254 petition

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Valencia contends that an undercover police agent engaged in sentencing entrapment and sentencing manipulation by suggesting to Valencia's co-conspirator an increase in the amount of cocaine involved, and that the agent's action constitutes outrageous government conduct in violation of Valencia's due process rights. His claim is unpersuasive.

Assuming *arguendo* that Valencia can assert a claim of sentencing entrapment based on conversations between a government agent and Valencia's co-conspirator, the record shows that the co-conspirator readily agreed to the suggestion of an increase in the amount of cocaine involved. *See United States v. Naranjo*, 52 F.3d 245, 250 (9th Cir.1995) (holding that a defendant must demonstrate both lack of intent and lack of capability to provide the quantity of drugs at issue to sustain a claim of sentencing entrapment). Furthermore, the agent's suggestion does not qualify as outrageous conduct. *Cf. United States v. Russell*, 411 U.S. 423, 431–32, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973) (concluding that undercover narcotics agent's contribution to defendants of an essential and difficult-to-obtain ingredient for drug manufacture did not constitute outrageous government conduct).

Because the state court's decision was neither contrary to nor an unreasonable application of clearly established Federal law, nor was it based on an unreasonable determination of the facts, the district court properly dismissed Valencia's habeas petition. *See* 28 U.S.C. § 2254(d); *Van*

*Tran v. Lindsey*, 212 F.3d 1143, 1149 (9th Cir.2000).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.