Willie Lee MILES, Plaintiff–Appellant,

v.

K.W. PRUNTY, Warden; Attorney General of the State of California, Defendants–Appellees.

No. 98–55623.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 1999.

Filed Aug. 13, 1999.

William S. Harris, Pasadena, California, for the petitioner-appellant.

Kent Jamil Bullard, Deputy Attorney General, Los Angeles, California, for the respondent-appellee.

Before: BROWNING, THOMAS, and WARDLAW, Circuit Judges.

WARDLAW, Circuit Judge:

Willie Lee Miles ("Miles") appeals the district court's dismissal of his 28 U.S.C. § 2254(a) habeas corpus petition as untimely. Miles raises two issues on appeal, only one of which we reach. Miles contends his petition was timely filed under the prison mailbox rule, and in the alternative, that extraordinary circumstances existed sufficient to equitably toll the applicable statute of limitations. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253 and we reverse.

## I.

We review a district court's decision to dismiss a petition for writ of habeas corpus de novo. *See Fields v. Calderon,* 125 F.3d 757, 759–60 (9th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1826, 140 L.Ed.2d 962 (1998). We also review de novo the district court's dismissal of Miles' habeas petition on statute of limitations grounds. *See Ellis v. City of San Diego,* 176 F.3d 1183, 1188 (9th Cir.1999); *Hernandez v. City of El Monte,* 138 F.3d 393, 398 (9th Cir.1998). While findings of fact made by the district court are reviewed for clear error, *see Moran v. McDaniel,* 80 F.3d 1261, 1268 (9th Cir.1996), where, as here, the facts are undisputed as to the question of equitable tolling, we review de novo, *see Valenzuela v. Kraft, Inc.,* 801 F.2d 1170, 1172 (9th Cir.1986).

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on habeas petitions filed by state prisoners. *See Calderon v. United States Dist. Court (Beeler),* 128 F.3d 1283, 1288–89 (9th Cir.1997) [hereinafter *"Calderon (Beeler)"*], *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly),* 163 F.3d 530 (9th Cir.1998) (en banc), *cert. denied,* —— U.S. ——, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999) [hereinafter *"Calderon (Kelly)"*]. We have held that AEDPA's limitations period did not begin to run against any state prisoner before the date of AEDPA's enactment. *See Calderon (Beeler),* 128 F.3d at 1286–87 (rejecting retroactive application of AEDPA's one-year statute of limitations). Accordingly, a prisoner with a state conviction finalized before April 24, 1996, such as Miles, had until April 23, 1997 to file a federal habeas petition.

## III.

Following his December 31, 1991 conviction for first degree murder in Los Angeles Superior Court, Miles received a sentence of forty years to life in prison. The California Court of Appeal affirmed Miles' sentence on September 1, 1993 and review was denied by the California Supreme Court on November 23, 1993.

On April 1, 1997, just twenty-two days before his federal habeas corpus rights would forever be extinguished, Miles' state appellate counsel advised him that if he wished to file a § 2254 habeas corpus petition, he needed to do so on or before April 23, 1997, to be timely under AEDPA. Miles signed his habeas petition and *in forma pauperis* declaration on April 17, 1997.[1]

On April 18, 1997, Miles submitted his completed petition and *in forma pauperis* declaration to state prison authorities, with instructions to mail his materials to the district court and to enclose a check drawn from his prison trust account for the requisite $5.00 filing fee. The prison's outgoing mail log' for Miles contains an April 18, 1997 entry of: "U.S.D.C. Cen. D. of CA," and an accompanying notation of: "sent to acct [sic] for fee filing."

On April 23, 1997, the one-year statute of limitations for Miles' petition under AEDPA expired. At that time, prison authorities had neither issued the check nor sent Miles' materials to the district court.

1. As noted in the final Report and Recommendation, Miles appears to confuse *in forma pauperis* status with paying a filing fee. The record reflects that Miles' petition was in fact accompanied by a $5.00 filing fee; accordingly, Miles is not proceeding *in forma pauperis.*

The $5.00 amount was not debited from Miles' prison trust account until April 30, 1997. Prison authorities then returned the petition and check to Miles on an unspecified date.

On June 3, 1997, Miles resubmitted his petition and *in forma pauperis* declaration, together with the $5.00 filing fee, to prison authorities for mailing. The outgoing mail log identifies the district court as the addressee of Miles' materials. Miles' petition for habeas corpus was stamped as "Lodged" with the district court on June 3, 1997. It was stamped as "Filed" on June 17, 1997.

## IV.

On August 19, 1997, Respondent K.W. Prunty moved to dismiss Miles' petition as time-barred under AEDPA's one-year statute of limitations. Respondent further asserted that Miles had failed to exhaust his state court remedies as to all claims.

On September 4, 1997, the Magistrate Judge ordered Miles to file, within fifteen days, evidence of the date on which he had delivered his habeas petition to prison authorities for mailing to the Clerk of the Court. On September 29, 1997, Miles filed a document with the district court, entitled "Denial and Reply," which included Miles' own declaration that he had submitted his habeas petition to prison authorities on April 17, 1997, with instructions to attach a

$5.00 filing fee and to mail the petition directly to the district court. Miles failed to attach a copy of the prison mail log to his declaration.

On October 23, 1997, the Magistrate Judge issued a Report and Recommendation ("Report"), concluding that: (1) Miles' habeas petition was due on or before April 23, 1997; (2) the petition was not filed until June 17, 1997; (3) "no legal authority" existed to toll the statute of limitations while awaiting a filing fee check from prison authorities; and (4) no "extraordinary circumstances" had been presented to justify equitable tolling. Miles filed timely objections to the Report on November 18, 1997. Together with his objections, Miles submitted a copy of the prison mail log that had previously been requested by the Magistrate Judge.

The final Report issued on December 18, 1997, recommending that the district court find that: (1) Miles had submitted "a legal document" to prison authorities on April 18, 1997, to obtain a filing fee; and (2) on June 3, 1997, Miles had submitted his petition to prison authorities to send to the district court for filing. The report noted that while the prison "mailbox rule," established in *Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), applied to habeas petitions filed under AEDPA, Miles had not met its requirements as a factual matter.[2] The final

**2.** Miles argues his petition may be deemed timely filed under the prison mailbox rule because he delivered the petition to prison authorities for mailing before the limitations period expired. Because this issue was not the subject of the certificate of appealability granted pursuant to 28 U.S.C. § 2253, and Miles did not move this panel to broaden the scope of the certificate of appealability, the issue is not properly before us. *See* 28 U.S.C. § 2253(c)(1); 9th Cir. R. 22–1 advisory committee note. We note, however, that the mailbox rule would appear to apply to Miles' habeas petition, and recognize that a majority of our sister circuits has determined that the rule applies to habeas petitions filed under AEDPA. *See, e.g., Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir.1999) (concluding that the *"Houston* mailbox rule should be extended to prisoners filing pro se habeas petitions, and,

for statute of limitations purposes, a petition is deemed filed when given to the proper prison authorities and not when received by the district court clerk"); *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir.1999) (same); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir.1998) (holding that "a pro se prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing"); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir.1998) (same); *Hoggro v. Boone*, 150 F.3d 1223, 1226 n. 3 (10th Cir. 1998) (same); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) (same); *see also Peterson v. Demskie*, 107 F.3d 92, 93 (2d Cir.1997) (implying that a § 2254 petition would be considered filed when handed to prison authorities for mailing).

Report recommended that Miles' habeas petition be dismissed as untimely.

On December 29, 1997, the district court adopted the recommendations set forth in the final Report. Miles filed a timely notice of appeal. Thereafter, a motions panel of this Court issued a certificate of appealability, limited to the question whether extraordinary circumstances existed to warrant equitable tolling of the statute of limitations period as set forth in 28 U.S.C. § 2244(b)(1).

## V.

■ Miles contends the doctrine of equitable tolling precludes a finding that his habeas petition was time-barred. We agree.

■ We will permit equitable tolling of AEDPA's limitations period "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon (Kelly),* 163 F.3d at 541 (citing *Alvarez–Machain v. United States,* 107 F.3d 696, 701 (9th Cir. 1996), *cert. denied,* —— U.S. ——, 118 S.Ct. 60, 139 L.Ed.2d 23 (1997)); *Calderon (Beeler),* 128 F.3d at 1288–89 (same). When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate. *See Calderon (Kelly),* 163 F.3d at 541; *Calderon (Beeler),* 128 F.3d at 1288–89.

We have addressed equitable tolling of AEDPA's statute of limitations in only two opinions—*Calderon (Beeler)* and *Calderon (Kelly).* In *Calderon (Beeler),* a death penalty case, we affirmed the district court's decision to equitably toll the statute because Beeler's lead counsel had withdrawn after accepting employment in another state and left behind an unuseable work product for replacement counsel, i.e., a turn of events over which Beeler had no control. 128 F.3d at 1288–89. Similarly, in *Calderon (Kelly),* another death penalty case, we found the petitioner's mental incompetency—"a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control"—rendered the petitioner unable to assist his attorney in the preparation of his petition, and therefore served to equitably toll the statute of limitations until after the district court made a competency determination.

Here, as an incarcerated pro se litigant, Miles depended on prison authorities to draw on his trust account and to prepare a check for the filing fee. He further relied on these same authorities to mail his check and petition to the district court. Once Miles made his request, any delay on the part of prison officials in complying with Miles' instructions was not within Miles' control.

Nor did Miles fail to exercise due diligence in preparing and submitting his petition. Within seventeen days after his counsel informed him of the looming deadline, Miles submitted his petition to prison authorities. Five days later, on April 23, 1997, the one-year statute of limitations expired.

Once the check had finally been issued, prison authorities returned both the check and petition directly to Miles, rather than mailing these materials to the district court as Miles had instructed. Miles was therefore forced to resubmit his petition and filing fee to prison authorities for mailing on June 3, 1997.

Although equitable tolling is unavailable in most cases, *see Calderon (Beeler),* 128 F.3d at 1288, we find the doctrine applicable here. Accordingly, the district court's order dismissing Miles' petition as untimely is reversed and the case remanded for proceedings consistent with this decision.

**REVERSED AND REMANDED.**