**Barry RAFF, Petitioner–Appellant,**

v.

**Terry L. STEWART, Respondent–Appellee.**

No. 99–15197.

D.C. No. CV–97–02123–PGR.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2000 [1].

Filed Dec. 13, 2000.

Revised Feb. 23, 2001.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before TROTT, GRABER and McKEOWN, Circuit Judges.

## ORDER

Appellee's motion for clarification is GRANTED.

A revised memorandum disposition will be filed forthwith to replace the December 13, 2000 memorandum.

Appellant's petition for panel rehearing is DENIED.

There shall be no further filings in this closed appeal.

## REVISED MEMORANDUM [2]

Arizona state prisoner, Barry Raff, appeals pro se the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his

84–year sentence imposed after pleading guilty to five counts of fraudulent schemes, with prior convictions for fraud. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo the district court's denial of a petition pursuant to 28 U.S.C. § 2254, *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Under 28 U.S.C. § 2254(d), habeas relief can be granted only when the state court's decision denying relief is "contrary to, or involves an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States," which can be determined only after the decision has been deemed "clearly erroneous." *Van Tran v. Lindsey,* 212 F.3d 1143, 1155 (9th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

██ Raff contends that the 84–year sentence imposed after pleading guilty to five counts of fraudulent schemes amounts to cruel and unusual punishment, in violation of the Eighth Amendment. We respectfully disagree.

██ Outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare. *Solem v. Helm,* 463 U.S. 277, 289–90, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In making this determination, courts should grant substantial deference to the broad legislative authority in determining punishments and limits for crimes, as well as to the discretion that trial courts possess during sentencing. *Id.* at 290, 103 S.Ct. 3001. Only extreme sentences that are grossly disproportionate to the crime violate the Eighth Amendment. *United States v. Bland,* 961 F.2d 123, 129 (9th Cir.1992) (quoting *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)).

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

The sentencing court here found that Raff's criminal conduct involved defrauding five elderly victims for a total amount of $60,000, and that Raff had a lengthy criminal record involving similar crimes. Because Raff has neither rebutted the state court's factual determinations by clear and convincing evidence, 28 U.S.C. § 2254(e)(1), nor contested any conclusion reached by the court, we cannot conclude the state court's decision was "clearly erroneous." *Van Tran,* 212 F.3d at 1155; *cf., Harmelin,* 501 U.S. at 994–96, 111 S.Ct. 2680 (upholding life imprisonment for first offense of possessing 672 grams of cocaine); *State v. DePiano,* 187 Ariz. 27, 37–38, 926 P.2d 494 (citing *Harmelin,* 501 U.S. at 1000, 111 S.Ct. 2680).

The district court therefore properly denied Raff's habeas petition.

AFFIRMED.