**Dennis MCGUIRE, Petitioner–Appellant,**

v.

**Arthur CALDERON, Warden, Respondent–Appellee.**

No. 97–17355.

D.C. No. CV–93–4463–VRW.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2001*.

Decided April 18, 2001.

R.App. P. 34(a)(2).

**646**

Before CANBY, KOZINSKI and RYMER, Circuit Judges.

MEMORANDUM **

Dennis McGuire appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition challenging his state guilty plea conviction for being a felon in possession of a firearm. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm. We review de novo the dismissal of a section 2254 petition. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999).

McGuire contends that counsel was ineffective for failing to investigate and argue the insufficiency of the factual basis for his guilty plea. We review the record and conclude that both trial and appellate counsels' performances, albeit unsuccessful, were neither deficient nor unreasonable. *See Strickland v. Washington*, 466 U.S. 668, 670, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because McGuire failed to demonstrate ineffective assistance of counsel, the district court properly dismissed his petition for habeas relief. *See Strickland*, 466 U.S. at 687; *see also* 28 U.S.C. § 2254(d); *Van Tran v. Lindsey*, 212 F.3d 1143, 1153–54 (9th Cir.), *cert. denied*, 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000) (concluding that a state court's decision will not be reversed absent "clear error") (*citing Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

