**Leonard Joseph MEJIA, Petitioner–Appellant,**

v.

**R.Q. HICKMAN, Warden, Respondent–Appellee.**

No. 00–16690.

D.C. No. CV–99–04036–CRB.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2001.*

Decided April 18, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, KOZINSKI and RYMER, Circuit Judges.

MEMORANDUM **

Leonard Joseph Mejia appeals pro se the district court's dismissal as untimely his 28 U.S.C. § 2254 habeas petition following his jury conviction for assault with a deadly weapon. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Mejia contends he was entitled to an additional 90 days under the statutory tolling provisions of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA") for time to seek certiorari from the United States Supreme Court following the California Supreme Court's denial of his habeas petition. We review de novo a district court's dismissal of a § 2254 petition on statute of limitations grounds. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999).

Mejia's contention, however, is foreclosed by our recent decision in *Bunney v. Mitchell*, 241 F.3d 1151 (9th Cir.2001) (concluding that "by its plain terms, 28 U.S.C. § 2244(d)(2) does not toll the limitations period while a petition for certiorari

from a state court's denial of a petition for post-conviction relief is pending in the United States Supreme Court."). The district court therefore properly concluded that Mejia's section 2254 petition was barred by the statute of limitations. *See Bunney*, slip op. at 2786.[1]

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We decline to review Mejia's other contentions that he was entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(1)(B) or, alternatively, to equitable tolling, because such issues were not certified by the district court in the certificate of appealability ("COA").

*See* 9th Cir. R. 22–1 (2000); *United States v. Zuno–Arce*, 209 F.3d 1095, 1102 (9th Cir. 2000) (stating that "we decline to address the issues in Defendant's brief that fall outside the limited COA that the district court granted.").

