**Samuel Lee WAULS, Petitioner–Appellant,**

v.

**Ernest C. ROE, Warden, Respondent–Appellee.**

**No. 99–56852.**

**D.C. No. CV–98–05646–RSWL.**

United States Court of Appeals, Ninth Circuit.

---

Submitted Aug. 13, 2001 *.

Decided Aug. 28, 2001.

Before HAWKINS, TASHIMA and GOULD, Circuit Judges.

## MEMORANDUM **

Samuel Lee Wauls appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as untimely under the AEDPA's one-year statute of limitations. We have jurisdiction pursuant to 28 U.S.C. § 2253.

Wauls contends that he is entitled to equitable tolling for the 16–month period during which his initial, timely § 2254 petition was pending in the district court until it was dismissed without prejudice. We review de novo the district court's dismissal of a habeas petition, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999).

The district court dismissed Wauls' first, timely federal habeas petition without prejudice because that petition contained both exhausted and unexhausted claims and was therefore a "mixed petition" under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The district court's dismissal order, however, did not provide Wauls the option of striking the unexhausted claims and proceeding with only his exhausted claims as an alternative to dismissal. *See Tillema v. Long*, No. 00–15974, slip op. at 9962 (9th Cir. August 3, 2001) (concluding that in such instance, where the district court did not dismiss the § 2254 petition until after the limitations period expired, "it cannot accurately be said that the dismissal of [the] petition was, as the court's order stated, 'without prejudice.' ").

This "outright dismissal" without leave to amend was in error, and Wauls therefore is entitled to equitable tolling of the statute of limitations. *See id.* (deciding that the district court's error resulted in a lost opportunity for federal review of petitioner's claims).

VACATED and REMANDED.[1]

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Wauls' request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. In light of our disposition, Wauls' request

for appointment of counsel is denied. On remand, Wauls may request appointment of counsel from the district court.

