**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William J. FRANK, Defendant–Appellant.**

No. 99–10134, 00–10017.

D.C. No. CR–89–00314–ACM.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2001.*

Decided Oct. 23, 2001.

Before REINHARDT, GRABER and BERZON, Circuit Judges.

### MEMORANDUM **

In this consolidated appeal, William J. Frank appeals pro se the district court's denial of his motion for equitable tolling to file a late 28 U.S.C. § 2255 motion, and the denial of his motion for production of transcripts in order to file a different § 2255 motion. Frank seeks to challenge his guilty plea conviction for one count of continuing criminal enterprise, one count of money laundering and one count of tax evasion, in violation of 21 U.S.C. § 848, 18 U.S.C. § 1956(a)(1)(B)(i) and 26 U.S.C. § 7201. We have jurisdiction pursuant to 28 U.S.C. § 2253. Since the relevant facts are not in dispute, we review de novo the issue of equitable tolling, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we reverse and remand for further proceedings.[1]

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Although a motions panel of this court previously determined that a certificate of appealability was unnecessary, upon further

■ Equitable tolling of the AEDPA's statute of limitations is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *Calderon v. United States District Court for the Central District of California,* 163 F.3d 530, 541 (9th Cir.1998) *(Kelly ).* Frank states that his health condition and his appointed counsels' failure to file his § 2255 motion were extraordinary circumstances beyond his control, which entitled him to equitable tolling. Frank's contentions have merit.

■ First, Frank's suffering from colon cancer, and undergoing chemotherapy and radiation therapy to treat it are extraordinary circumstances beyond his control which justified equitable tolling. *See id.* (holding that a defendant's alleged mental incompetency justifies equitable tolling at least until a competency hearing).

■ Second, Frank's appointed counsels' failure to file a § 2255 motion is a separate justification for equitable tolling in this case. *See Calderon v. United States District Court for the Central District of California,* 128 F.3d 1283, 1289 (9th Cir.1997) *(Beeler )* (holding that equitable tolling was justified where defendant's counsel accepted employment out of state and left replacement counsel with unusable work product), *partially overruled on other grounds by Kelly,* 163 F.3d at 539–40. The district court initially appointed Francisco Leon to file Frank's § 2255 motion, but he failed to do so. The district court then appointed Rebecca Donaldson, who also failed to file the § 2255 motion, saying that Leon failed to forward her Frank's entire file. The failure of Frank's court appointed lawyers to file his § 2255 motion was a circumstance beyond his control. *See id.*

The statute of limitations therefore should have been equitably tolled in order for Frank to file his § 2255 motion. *See Miles,* 187 F.3d at 1107. Accordingly, the district court's order denying Frank's motion to file a late § 2255 motion is reversed and the case remanded. *See id.*

In light of our disposition, the district court's order denying Frank's motion for production of transcripts is vacated. We express no opinion on the merits of the motion.

On remand, the district court shall appoint new counsel to assist Frank with the filing of his § 2255 motion and shall consider in the first instance any and all issues raised in his § 2255 motion.

REVERSED AND REMANDED.

---

consideration, we conclude that a certificate is required. *Slack v. McDaniel,* 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). We therefore grant a certificate as to the issue of whether it was error for the district court to deny Frank's motion for equitable tolling to allow him to file a late § 2255 motion. 28 U.S.C. § 2253.