**Jose A. ARREOLA, Petitioner–Appellant,**

v.

**Rosie B. GARCIA, Warden, Respondent–Appellee.**

**No. 01–55746.**

**D.C. No. CV–99–08124–LGB–AIJ.**

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002 *.

Decided July 30, 2002.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Arreola's request for oral argument.

MEMORANDUM **

California state prisoner Jose A. Arreola appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition, challenging his conviction for first degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), we affirm.

Arreola contends that his due process rights were violated when: (1) the California trial court excluded evidence concerning the victim's use of racial slurs and obscenities against Arreola, and (2) the prosecutor stated during closing argument that Arreola was motivated by "machismo."

To grant habeas relief based on a state court's decision to exclude evidence, the decision "must be so prejudicial as to jeopardize the defendant's due process rights." *Tinsley v. Borg,* 895 F.2d 520, 530 (9th Cir.1990). We find no due process violation in this case since the exact terminology of the victim's racial slurs was cumulative in light of trial testimony that the victim used profanity when speaking to Arreola on numerous incidents, and where the derogatory comments did not constitute a major part of Arreola's state-of-mind defense. *See id.* (enumerating factors to consider in determining whether exclusion of evidence violates defendant's due process rights).[1]

Even assuming that the prosecution's two references to "machismo" during clos-

1. Arreola was not deprived of his constitutional right to present a defense because, under California law, racial slurs do not constitute sufficient provocation to reduce a charge of intentional homicide to manslaughter. *See People v. Ogen,* 168 Cal.App.3d 611, 215 Cal. Rptr. 16, 23 (1985).

ing argument were improper, Arreola has not demonstrated that the remarks "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *see Bains v. Cambra,* 204 F.3d 964, 975–78 (9th Cir.2000) (affirming conviction based on "strong case" against defendant, where ethnic references occurred only during prosecution's closing argument); *cf. United States v. Cabrera,* 222 F.3d 590, 596 (9th Cir.2000) (finding that a detective's repeated references to the defendants' Cuban origin, coupled with generalizations about the Cuban community, prejudiced defendants in the eyes of the jury). Additionally, in the absence of prejudice, defense counsel's failure to object during closing argument was not constitutionally ineffective. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Therefore, the California state courts' decisions were neither contrary to, nor involved an unreasonable application of clearly established federal law. *See* § 28 U.S.C. § 2254(d); *Van Tran v. Lindsey,* 212 F.3d 1143, 1149 (9th Cir.), *cert. denied,* 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000). Accordingly, we affirm the district court's denial of Arreola's § 2254 petition.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Walton's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.