**Jack Robert OLSON, Petitioner–
Appellant,**

v.

**Terry STEWART, Respondent–Appellee.**

No. 00–16983.
D.C. No. CV–99–00102–RCC.

United States Court of Appeals,
Ninth Circuit.

---

Submitted Sept. 9, 2002 *.

Decided Sept. 18, 2002.

Before HUG, O'SCANNLAIN and TASHIMA, Circuit Judges.

### MEMORANDUM **

Arizona state prisoner Jack Robert Olson appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition, challenging his conviction for first degree murder, first degree burglary and conspiracy to commit murder. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, see *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we affirm.

Olson contends that his right to a fair trial and his right to equal protection were violated when the trial court denied his motion to sever his trial from his co-defendants. Olson alleges his joint trial prejudiced him because (1) the defenses were mutually antagonistic, (2) his rights under the Confrontation Clause were violated, and (3) the trial court failed to give a limiting instruction *sua sponte* regarding his co-defendant's inculpatory testimony.[1]

A court may grant habeas relief based on a state court's decision to deny a motion for severance only if the joint trial was so prejudicial that it denied a petitioner his right to a fair trial. *Zafiro v. United States*, 506 U.S. 534, 538–39, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993) (a court should grant severance "if there is a serious risk that a joint trial would compromise a specific trial right of one of the co-defendants, or prevent the jury from making a reliable judgment about guilt or innocence.").

The joint trial of Olson and his co-defendants did not prejudice Olson's right to a fair trial, nor prevent the jury from making a reliable judgment about his guilt or innocence since (1) any defenses pleaded were not mutually antagonistic, (2) Olson had the opportunity to cross-examine his co-defendants, and (3) there was substantial, independent evidence of Olson's guilt. *See id.* (stating that pleading mutually antagonistic defenses in a joint trial is not prejudice per se); *Bruton v. United States*, 391 U.S. 123, 126, 137, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) (holding that the admission of a *non-testifying* co-defendant's confession in a join-trial violates a defendant's right of cross-examination under the Confrontation Clause of the Sixth Amendment) (emphasis added).

Further, in light of the substantial, independent evidence of Olson' guilt, Olson is not entitled to habeas relief because he has not demonstrated that any error related to the trial court's failure to give a limiting instruction "had a substantial and injurious effect or influence on the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Olson also raises an ineffective assistance of counsel claim. We decline to address the merits of this claim since the district court granted a certificate of appealability only on the severance issue. *See* § 2253(c).