**Michael Allen SUTTON, Petitioner–Appellant,**

v.

**Terry L. STEWART, et al., Respondents–Appellees.**

**No. 01–17103.**

**D.C. No. CV–00–02109–SRB.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2002.*

Decided Nov. 27, 2002.

Before REINHARDT, RYMER and SILVERMAN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Arizona state prisoner Michael Allen Sutton appeals pro se the dismissal of his 28 U.S.C. § 2254 petition, challenging his conviction by jury for sexual assault, first-degree burglary, kidnapping, armed robbery, aggravated assault and theft. The district court dismissed the petition as untimely under 28 U.S.C. § 2244(d). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Sutton's conviction became final on August 23, 1993, so his federal habeas petition filed on November 6, 2000 is untimely absent tolling of the one-year AEDPA statute of limitations.

Sutton first contends that he is entitled to equitable tolling because the prison law library was inadequate. Specifically, he claims that no posted notice of AEDPA rules and the lack of a hired paralegal constitute extraordinary circumstances. His claim is unpersuasive. There is no precedent for his claim that notice of AEDPA requirements must be posted in the prison law library. In addition, states are not required to hire paralegals to assist prisoners. *See Lewis v. Casey*, 518 U.S. 343, 356, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (concluding that a state need not provide legal assistants and law clerks to prisoners to ensure meaningful access to courts).

Sutton next contends that he did not receive his trial transcripts until after his lawyer filed his state petition for post-conviction relief. He fails, however, to show how the lack of transcripts prevented the timely filing of his federal petition. *See Miles*, 187 F.3d at 1107 (stating that equitable tolling only appropriate when external forces, rather than lack of diligence, account for failure to file a timely claim).

Sutton also contends that the limitations period should run from the date of his "newly discovered evidence" that another prisoner with a similar name mistakenly attended certain of Sutton's pre-trial appearances. However, Sutton admits that he was aware of these facts as early as 1991, so he does not satisfy the requirements of 28 U.S.C. § 2244(d)(1)(D).

As Sutton fails to allege facts to demonstrate that extraordinary circumstances beyond his control prevented him from timely filing his petition, the district court properly dismissed his petition as time-barred.[1] *See Miles*, 187 F.3d at 1107; 28 U.S.C. § 2244(d).

**AFFIRMED.**

### In re: John Winston STONE; et al., Debtors,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We decline to address Sutton's claims that fall outside the scope of the certificate of appealability issued on April 17, 2002, *see Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam). We also do not consider claims raised for the first time on appeal. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir.1994).