**Logan Brett NEEL, Petitioner–Appellant,**

v.

**Ana OLIVAREZ, Warden, Respondent–Appellee.**

**No. 01–15294.**

**D.C. No. CV–96–01777–FCD.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

California state prisoner Logan Neel appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus, challenging his conviction for lewd or lascivious conduct with a child. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), we affirm.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Neel contends that his conviction is unconstitutional because it was based solely on the victim's, subsequently recanted, trial testimony. The state court in this case found that the victim's recantation was not credible because it occurred after she was reunited with family members, who were witnesses for petitioner at trial, and because there was physical evidence and additional witness testimony corroborating the victim's testimony at trial. Because petitioner has not shown that the state court's determination was incorrect, we conclude that the district court properly denied habeas relief on this claim. *See* 28 U.S.C. § 2254(e)(1) (stating that a state court's determination of a factual issue is presumed correct on habeas review, and a petitioner "shall have the burden of rebutting the presumption of correctness by clear an convincing evidence."); *see also Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 851, 74 L.Ed.2d 646 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.").

Neel also contends that his trial counsel was ineffective for failing to properly litigate his Cal. Evid.Code § 782 motion for the admission of evidence to attack the victim's credibility. Because counsel's motion and argument in support of the § 782 motion were not outside the wide range of reasonable assistance, the district court properly determined that counsel's performance was not deficient. *See Strickland v. Washington*, 466 U.S. 668, 687–688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (deciding that a petitioner demonstrates his counsel was ineffective by establishing that his counsel's performance was deficient, and that the deficient performance prejudiced his defense).

**AFFIRMED.**[1]

---

1. Neel's requests for appointment of counsel and an evidentiary hearing are denied.
* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.