**Jesus Alonso GONZALEZ, Petitioner–Appellant,**

v.

**Tom L. CAREY, Warden, Respondent–Appellee.**

No. 02–55700.

D.C. No. CV–01–00466–JNK.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 22, 2003.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

MEMORANDUM **

California state prisoner Jesus Alonso Gonzalez appeals pro se the denial of his 28 U.S.C. § 2254 petition, challenging his conviction for attempted murder and kidnaping. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Gonzalez first contends that the prosecution permitted the victim to present false testimony to the jury when the victim, on cross-examination, denied knowledge of a plea offer in another case in exchange for his testimony against Gonzalez in the instant case. Evidence in the record, however, does not demonstrate that the prosecutor presented false testimony.

Gonzalez next contends that the prosecutor committed misconduct by vouching for the victim's credibility, failing to correct the victim's alleged false testimony, and referring to appellant as a "thug" in closing argument. We are not persuaded.

Gonzalez has failed to demonstrate that the prosecutor, in predicting the truthfulness of the victim's anticipated testimony, put the prestige of the government behind the victim and provided personal assurance of his veracity. *See United States v. Molina,* 934 F.2d 1440, 1445 (9th Cir.1991). Given that Gonzalez failed to contradict the evidence showing that the victim was unaware of the government's plea offer and that his testimony was therefore true, it is not reasonably probable that the prosecutor's correction would have resulted in a different outcome. *Cf. United States v. Brumel–Alvarez,* 991 F.2d 1452, 1461 (9th Cir.1992). Finally, the prosecutor's references to Gonzalez as a "thug" during closing arguments was a reasonable inference based on the evidence presented at trial regarding appellant's alleged conduct in abducting, beating, and stabbing the victim. *See Molina,* 934 F.2d at 1445.

Lastly, Gonzalez contends that he was denied due process when the trial court barred further reference to the government's plea offer during Gonzalez's cross-examination of the victim. Again, we are unpersuaded. Once the trial court determined that the victim's attorney had never informed his client of the plea offer, any further reference to the plea offer was repetitive and irrelevant. *See Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (holding that the trial court may exclude cross-examination that is repetitive or only marginally relevant).

The state court's decision is not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court, *see Van Tran v. Lindsey,* 212 F.3d 1143, 1149 (9th Cir.2000), and the district court's denial of Gonzalez's section 2254 petition is affirmed.

AFFIRMED.