**Douglas Lee DAWKINS, Petitioner–Appellant,**

v.

**Roy A. CASTRO, Warden, Respondent–Appellee.**

**No. 01–17132.**

**D.C. No. CV–00–00947–WBS.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 19, 2003.

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM**

Douglas Lee Dawkins appeals pro se the district court's dismissal as untimely his 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his jury convictions for two counts of assault with a deadly weapon by a prisoner in violation of Cal.Penal Code § 4501, and two counts of possession of a sharp instrument by a prisoner in violation of Cal.Penal Code § 4502(a). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's decision to dismiss a petition for habeas corpus, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we vacate and remand.

At the time the district court dismissed Dawkins's petition, it did not have the benefit of our decision in *Ford v. Hubbard,* 305 F.3d 875, 885 (9th Cir.2002) (concluding that the district court erred when it failed to inform a pro se petitioner he would be time barred upon returning to federal court with exhausted claims). Accordingly, we vacate and remand.

On remand, the district court should examine whether Dawkins exercised reasonable diligence in exhausting his claims, *see Guillory v. Roe,* 329 F.3d 1015, No. 01–56343, 2003 WL 2013086 (9th Cir. May 5, 2003) (holding petitioner was not entitled to equitable tolling because he failed to diligently exhaust claims), and whether the claims in Dawkins's second federal petition relate back to his first petition. *See Ford,* 305 F.3d at 889–90 (concluding that claims raised for the first time in a second petition do not relate back to the original petition).

**VACATED and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.