**Albert LUEVANOS, Petitioner— Appellant,**

v.

**Joseph MCGRATH, Respondent— Appellee.**

No. 02–16622.
D.C. No. CV–01–04175–CRB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2003.

Decided June 20, 2003.

Before GRABER, WARDLAW, and BYBEE, Circuit Judges.

MEMORANDUM *

Petitioner Albert Luevanos appeals the denial of his habeas petition, 28 U.S.C. § 2254, following his conviction for invol-

untary manslaughter, Cal.Penal Code § 192(b). We affirm.

### 1. *Prosecutor's Argument.*

The first contention on appeal is that the prosecutor unconstitutionally commented on Petitioner's decision not to testify during his trial. The California Court of Appeal considered this argument on the merits and, in doing so, applied *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).[1] The state appellate court reasoned that the jury would not necessarily have understood the prosecutor's statements to be a comment on Petitioner's failure to testify, as distinct from a comment on the state of the evidence as a whole. *See United States v. Lopez-Alvarez*, 970 F.2d 583, 595–96 (9th Cir.1992) (holding that a prosecutor may comment on the failure of the defense to present exculpatory evidence, so long as the comment is not phrased to call attention to the defendant's failure personally to testify).

On de novo review of the district court's decision to dismiss the habeas petition, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we conclude that the state court's decision was not based on an unreasonable determination of the facts and that the state court's decision did not involve an unreasonable application of *Griffin*. *See* 28 U.S.C. § 2254(d) (prescribing standard).

### 2. *Counsel's Effectiveness.*

The second contention on appeal is that trial counsel provided ineffective assistance and, in particular, failed to request an alternative instruction on assault. The California Court of Appeal rejected this argument on the ground that, given the evidence, Petitioner was not entitled to the alternative instruction as a matter of state law. *See People v. Stanfield*, 32 Cal. App.4th 1152, 38 Cal.Rptr.2d 328, 335 (Ct. App.1995) (discussing "conditional threat").

That decision was not based on an unreasonable determination of the facts in light of the evidence at trial and, therefore, we may not grant the petition. 28 U.S.C. § 2254(d). Because counsel's failure to request the instruction could not have prejudiced Petitioner, in that he was not entitled to the instruction under state law, it follows that the state court did not apply *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), unreasonably.

AFFIRMED.

---

1. The California Supreme Court denied review summarily.

