**Gregory Demetrius WHITE, Petitioner—Appellant,**

v.

**Ana Ramirez PALMER, Warden, Respondent—Appellee.**

No. 02–17340.

D.C. No. CV–01–01445–DFL/JFM.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 18, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, HAWKINS, and TASHIMA, Circuit Judges.

### MEMORANDUM **

California state prisoner, Gregory Demetrius White, appeals pro se the dismissal of his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999), and we affirm.

White contends that the state breached its duty to inform inmates about the Antiterrorism and Effective Death Penalty Act (AEDPA). He argues that he was therefore entitled to statutory or equitable tolling. We disagree.

There is no precedent for his claim that the prison has a duty to notify inmates of changes in habeas law. The undisputed evidence shows that the prison library had the AEDPA on file before the statute of limitations ran, and years before White filed his § 2254 petition. White has shown neither a state-created barrier nor any diligence in pursuing his claims. *See Miles*, 187 F.3d at 1107 (stating that "external forces, rather than a petitioner's lack of diligence" must be cause of untimely filing).

Accordingly, the district court properly dismissed the petition as time-barred.[1]

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We decline to reach White's merits-based claims, which are outside the scope of the certificate of appealability. *See Hiivala v.*

*Wood*, 195 F.3d 1098, 1101 (9th Cir.1999) (per curiam).

