Brian Edward SIMMONS,
Petitioner–Appellant,

v.

Frankie Sue DEL PAPA; et al.,
Respondents–Appellees.

No. 03–15418.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2004.*

Decided June 18, 2004.

Mark E. Haines, Eugene, OR, for Petitioner–Appellant.

John M. Warwick, Esq., Office of the Nevada Attorney General, Carson City, NV, for Respondents–Appellees.

Before: HALL, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Nevada state prisoner Brian Edward Simmons appeals pro se the denial of his 28 U.S.C. § 2254 petition, in which he challenged his conviction and life sentence for first-degree murder with the use of a deadly weapon, burglary, and possession of an explosive device. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Simmons contends that, pursuant to *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), the police's eavesdropping on his call to an acquaintance violated his Sixth Amendment rights. However, the record supports the state court's finding that the acquaintance was not acting as an agent for the government. *See Brooks v. Kincheloe*, 848 F.2d 940, 943–45 (9th Cir.1988) (holding where accused makes incriminating statements to non-government agent, later evidentiary use of those statements does not violate the Sixth Amendment). Accordingly,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

there was no objectionably unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.