**Patrick Alvin SCANLON, Petitioner—Appellant,**

**v.**

**Steven J. CAMBRA, Jr., Warden, Respondent—Appellee.**

No. 04–56267.

D.C. No. CV–02–00577–GAF.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 20, 2005.

Patrick Alvin Scanlon, Calipatria, CA, pro se.

Jeffrey J. Koch, Adrianne S. Denault, Deputy Atty. Gen., AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before PREGERSON, CANBY and THOMAS, Circuit Judges.

MEMORANDUM**

California state prisoner Patrick Alvin Scanlon appeals pro se the district court's order dismissing his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 2253. We review *de novo* the dismissal of a section 2254 petition, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Scanlon contends that the trial court erred in enhancing his sentence under California's Three Strikes Law when it counted his prior convictions as two separate strikes, even though they arose from a single course of conduct. However, this is an issue of state law, and issues of state law are generally not cognizable on federal habeas review. Moreover, the California Court of Appeal determined that the trial court properly exercised its discretion in refusing to strike one of Scanlon's prior strike convictions. Accordingly, we affirm the district court's finding that appellant has failed to state a claim for which federal relief could be granted. *See* 28 U.S.C. § 2254(a); *Miller v. Vasquez*, 868 F.2d 1116, 1118–19 (9th Cir.1989) (whether a prior conviction qualifies for a sentence enhancement under California law is not a cognizable federal habeas claim).

**AFFIRMED.**