**Emmett L. FAUGHT, Petitioner— Appellant,**

v.

**Diane BUTLER, et al., Respondents— Appellees.**

**No. 02–17211.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 17, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Emmett L. Faught, Avenal, CA, pro se.

Arnold O. Overoye, Esq., Attorney General's Office, Sacramento, CA, for Respondents–Appellees.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

### MEMORANDUM **

California state prisoner Emmett L. Faught appeals pro se the district court's order dismissing his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we affirm.

Faught's conviction became final prior to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Therefore, absent tolling, Faught had until April 23, 1997 to file a federal habeas petition. *See id.* at 1105.

■ Because the California Supreme Court denied Faught's state post-conviction petition on timeliness grounds, Faught was not entitled to statutory tolling during the gap between the enactment of AEDPA and the filing of his section 2254 habeas petition in district court on October 24, 2001. *See Pace v. DiGuglielmo,* —— U.S. ——, ——, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669, —— (2005) (holding that "time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [state] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *see also Carey v. Saffold,*

536 U.S. 214, 225–26, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (noting that if the California Supreme Court expressly holds delay was unreasonable, petition is no longer "pending").

Next, though Faught claims he is actually innocent, he provides no evidence to support the claim. Citing *Majoy v. Roe,* 296 F.3d 770, 775–76 (9th Cir.2002), the district court correctly found that Faught "has not shown that, in light of all the evidence, no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

■ Finally, Faught claims he is entitled to equitable tolling due to a delay in his prison library's acquisition of the AEDPA statutes until "mid–1998." Even if Faught's AEDPA statute of limitations was tolled until "mid–1998," he filed his habeas petition in district court on October 24, 2001, over two years beyond the AEDPA deadline. His claims for equitable tolling based on ignorance of the law, and difficulties in obtaining assistance in preparing his petition, are equally unpersuasive. *See Calderon v. United States Dist. Court (Beeler),* 128 F.3d 1283, 1288–89 (9th Cir.1997), *overruled on other grounds by Calderon v. United States Dist. Court (Kelly),* 163 F.3d 530 (9th Cir.1998) (en banc).

An Amicus Curiae brief has been filed in this appeal. The arguments in that brief do not persuade us that the district court erred.

AFFIRMED.

■

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.