Gary Dean WEBB, Petitioner—Appellant,

v.

J. McGRATH, Warden, Respondent—Appellee.

No. 02–15100.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 15, 2005.

conviction is reversed for lack of sufficient evidence)." *Coleman,* 208 F.3d at 794.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gary Dean Webb, Coalinga, CA, pro se.

David A. Rhodes, DAG, Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM **

California state prisoner Gary Dean Webb appeals pro se the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Webb contends that his 25–years–to–life sentence under California's Three–Strikes Law for forgery in violation of Cal.Penal Code § 473 violates the Eighth Amendment guarantee against cruel and unusual punishment. We conclude that the California Court of Appeal's rejection of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law, as determined by the

** This disposition is not appropriate for publication and may not be cited to or by the

Supreme Court of the United States. *See* 28 U.S.C. § 2254(d); *Lockyer v. Andrade,* 538 U.S. 63, 73–76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (holding that state court's affirmance of two consecutive 25–years–to–life sentences for petty theft with a prior was not contrary to or an unreasonable application of federal law); *Ewing v. California,* 538 U.S. 11, 30–31, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (holding that a 25–years–to–life sentence for felony grand theft under the California three-strikes law did not violate the Eighth Amendment's prohibition on cruel and unusual punishment).

Webb's motion for an extension of time and for the appointment of counsel, received on July 1, 2005, is denied.

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

