Carl Otis SULLIVAN, Petitioner–Appellant,

v.

WEVINS, Warden, Respondent–Appellee.

No. 06–16852.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 2008.

Filed June 26, 2008.

Debra A. Bookout, Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Keith G. Munro, AGNV–Office of the Nevada Attorney General, Carson City, NV, for Respondent–Appellee.

Before: FERGUSON, TROTT, and THOMAS, Circuit Judges.

MEMORANDUM *

Carl Sullivan appeals the district court's order dismissing his 28 U.S.C. § 2254 petition for writ of habeas corpus as time-barred and concluding that he is not entitled to statutory or equitable tolling. We

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm in part, vacate in part, and remand for plenary consideration of the application of equitable tolling.

We review de novo the denial of a petition for writ of habeas corpus for failure to meet the requirements of the Anti–Terrorism and Effective Death Penalty Act of 1996 statute of limitations. *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999).

As to Sullivan's statutory tolling argument, we affirm. The United States Supreme Court has held that an untimely filed state petition will not be given the statutory tolling benefit under § 2244(d)(2). *Pace v. DiGuglielmo,* 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (holding that "time limits, no matter their form, are 'filing' conditions" and thus a determination that a state habeas petition is untimely means that "it was not 'properly filed,' and [the petitioner] is not entitled to statutory tolling under § 2244(d)(2)"). Because the Nevada Supreme Court issued an order indicating that Sullivan's state petition was *untimely* under NRS 34.726(1), we conclude that he is not entitled to statutory tolling under § 2244(d)(2).

As to Sullivan's equitable tolling argument, we vacate and remand. The district court was not able to consider our recent decision in *Harris v. Carter,* 515 F.3d 1051 (9th Cir.2008) when ruling on Sullivan's equitable tolling argument. In light of *Harris,* we remand this case to the district court so that it may give plenary consideration to Sullivan's claim that he is entitled to equitable tolling for the period ending with the issuance of the remittitur in his state postconviction appeal.

Each party shall bear its own costs on appeal.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED**.