**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEAL JOHN TIBBS,<br><br>              Petitioner-Appellant,<br><br>vs.<br><br>D. ADAMS, Warden at CSATF / SP;<br>ATTORNEY GENERAL OF THE STATE<br>OF CALIFORNIA,<br><br>            Respondents-Appellees. | No. 10-16132<br><br>D.C. No. 2:05-cv-02334-LKK-<br>KJM<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Submitted June 17, 2011**
San Francisco, California

Before: BYBEE and MURGUIA, Circuit Judges, and SINGLETON, Senior
District Judge.***

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     ***   The Honorable James K. Singleton, Senior District Judge for the U.S.
District Court for Alaska, Anchorage, sitting by designation.

Petitioner Neal John Tibbs appeals the district court's dismissal of his Petition for Writ of Habeas Corpus as untimely. Tibbs argues that he is entitled to equitable tolling due to egregious attorney misconduct and mental impairment. We affirm the district court. Because the history of the case is familiar to the parties, we need not recount it here.

The dismissal of a petition for writ of habeas corpus as time-barred is reviewed *de novo*. *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010). Findings of fact made by the district court are to be reviewed for clear error. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citation and internal quotation marks omitted). Both attorney misconduct and mental impairment can constitute an extraordinary circumstance. *Id.* at 2564 (stating that attorney misconduct is an extraordinary circumstance); *Bills*, 628 F.3d at 1097 (stating that mental impairment is an extraordinary circumstance).

Tibbs is not entitled to equitable tolling for attorney misconduct. As a preliminary matter, the district court's finding that attorney George Robertson was not retained to pursue federal habeas is not clearly erroneous. When they retained

2

Robertson, neither Cheryl nor Laura Tibbs were aware of the difference between federal and state habeas, and they never specifically mentioned federal habeas to Robertson. Additionally, the district court found that Cheryl and Laura's testimony concerning Robertson's promise to file a federal habeas petition was not credible because it was elicited only through leading questioning, and the district court is in a better position to evaluate credibility than are we. *United States v. Jordan*, 256 F.3d 922, 932 (9th Cir. 2001).

Because Robertson was not hired to pursue federal habeas, in order to prove an extraordinary circumstance, Tibbs must show that Robertson's state-level misconduct prevented Tibbs from filing a timely federal petition. *See Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010) ("[C]ounsel's incorrect advice with respect to the time frame in which to file a state habeas case *did not prevent* Randle from filing his federal habeas petition on time." (emphasis added)). Robertson's representation of Tibbs was negligent at worst, and mere attorney negligence does not constitute an extraordinary circumstance. *See, e.g.*, *Holland*, 130 S. Ct. at 2564; *Randle*, 604 F.3d at 1058. Even assuming Robertson committed misconduct, his actions did not prevent Tibbs from filing a timely federal writ. Although Robertson possessed Tibbs' legal file throughout AEDPA's one-year limitations period, "there is no indication that had [Tibbs] received [his] files sooner, he would have filed a [timely] federal habeas

3

petition," as Tibbs did not become aware of the one-year limitations period until after it had expired. *Randle*, 604 F.3d at 1058.

Finally, Tibbs is not entitled to equitable tolling for mental impairment. To demonstrate mental impairment was an extraordinary circumstance, the petitioner must show that he "was unable rationally or factually to personally understand the need to timely file," or his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." *Bills*, 628 F.3d at 1100.[1] Tibbs does not argue that he was unable to understand the need to timely file, and any such claim is unsupported by the record, which shows that Tibbs understood the concept of filing deadlines. Additionally, the district court's determination that Tibbs' mental impairments did not make it impossible for Tibbs to file a habeas petition was not clear error.

**AFFIRMED.**

---

[1]Mental illness and mental incompetence are both forms of mental impairment to which the *Bills* test applies. *See Bills*, 628 F.3d at 1097–98. For the purposes of this opinion, we assume Tibbs' Adjustment Disorder with Anxious Depressed Mood is a mental illness.

4