Lino FLORES, Petitioner–Appellant,

v.

Terry L. STEWART, et al.,
Respondents–Appellees.

No. 01–17533.

D.C. No. CV–00–01270–SMM.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

Before GOODWIN, TROTT, and
GRABER, Circuit Judges.

MEMORANDUM **

Lino Flores appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus following his guilty-plea conviction for first degree murder. We have jurisdiction pursuant to

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Flores contends that his guilty-plea was not voluntary and intelligent because the prosecutor withheld material exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Specifically, Flores contends that the prosecutor failed to disclose a witness to the murder who could have shown that Flores acted in self-defense rather than with premeditation. We are not persuaded.

To succeed, Flores must show that the evidence allegedly withheld by the prosecutor was material to his defense. *See Sanchez v. United States*, 50 F.3d 1448 1454 (9th Cir.1995) (stating that failure to disclose information only constitutes a *Brady* violation if the requested information is "material"). In light of the evidence that the victim was stabbed 19 times, the witness's testimony would only have supported an implausible self-defense claim, and was not material to Flores's decision to plead guilty. *See id.* (holding that evidence supporting an unviable defense was not material to the decision whether to plead guilty). Accordingly, Flores has failed to demonstrate that but for the prosecution's alleged failure to disclose the witness information, he would have refused to plead guilty and would have gone to trial. *See id.*

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.