**Eddie L. SAMPSON, Petitioner–Appellant,**

v.

**William DUNCAN, Warden, Respondent–Appellee.**

No. 01–55950.

D.C. No. CV–98–01960–JNK.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

Before GOODWIN, TROTT and GRABER, Circuit Judges.

MEMORANDUM **

Eddie L. Sampson appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his 1995 convictions and sentence for two counts of residential burglary, in violation of Cal.Penal Code § 459.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Sampson contends that his prior 1994 conviction should not have been used to enhance his sentence because the attorney who represented him in that proceeding rendered ineffective assistance of counsel. Sampson's contention is foreclosed by *Lackawanna County Dist. Attorney v. Cross*, 532 U.S. 394, 403–04, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (holding that a defendant generally may not challenge an enhanced sentence through a section 2254 petition on the ground that the prior conviction was unconstitutionally obtained).

Sampson next contends that he again received ineffective assistance of counsel in 1995, because, as a result of a conflict of interest, his attorney failed to obtain a favorable ruling on a motion in limine to invalidate his 1994 conviction. This contention is unpersuasive because Sampson has failed to establish an actual conflict of interest between his two attorneys. *See Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (holding that to demonstrate that a conflict of interest violated his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance).[1]

AFFIRMED.

---

1. We do not address Sampson's contention that the district court erred in denying his motion to amend his second amended petition because it is outside the scope of the certificate of appealability. *See* 28 U.S.C. § 2253(c).

Sampson's motion for judicial notice is denied.