**Scott Alan FREEBURG, Petitioner–Appellant,**

v.

**State of WASHINGTON, Respondent–Appellee.**

No. 02–35199.

D.C. No. CV–01–00267–RSL.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 11, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Scott Alan Freeburg appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Freeburg contends that the State of Washington's Indeterminate Sentence Review Board added 4,864 days of escape time to his minimum and maximum terms in violation the Constitution's double jeopardy, due process, equal protection, and cruel and unusual punishment clauses.

We decline to review these contentions because the board's determination was based on state law and is not cognizable in a federal habeas petition. *See Bonin v. Calderon,* 59 F.3d 815, 841 (9th Cir.1995) (limiting scope of review to whether conviction violates federal law). Further, the Supreme Court of Washington determined that the board correctly applied state law. *Id.* (recognizing that state supreme court is the final expositor of state law); *Christian v. Rhode,* 41 F.3d 461, 469 (9th Cir. 1994) (holding that, absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief).

Freeburg also contends that the district court should have granted his motion to stay the district court's judgment denying his section 2254 petition. Freeburg fails, however, to show that a stay would have changed the outcome of the proceedings in the district court and fails to demonstrate a constitutional violation. *See* 28 U.S.C. § 2254.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.