Paul Gilbert SIMONTON,
Petitioner–Appellant,

v.

Cheryl PLILER, Warden, et al.,
Respondents–Appellees.

No. 01–56617.

D.C. No. CV–00–01581–MLH.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 16, 2003.

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**674**

MEMORANDUM **

Paul Gilbert Simonton appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging his jury conviction and sentence for aiding and abetting premeditated attempted murder pursuant to California Penal Code §§ 31, 187, and 664(a). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

■ Simonton first contends that the California Court of Appeal's decision, holding him strictly liable for the perpetrator's state of mind, contravened the rules of statutory construction and the California Supreme Court's express mandate that the legislature make clear its intent that an enhanced penalty provision apply derivatively to an aider and abettor. Simonton also contends that the issue of whether an aider and abettor must share the perpetrator's premeditation is now pending before the Supreme Court of California. *See People v. Lee,* 102 Cal.Rptr.2d 403, *review granted and opinion superceded by People v. Lee,* 105 Cal.Rptr.2d 789, 20 P.3d 1085 (2001). We do not address these contentions because they fail to raise a federal claim. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (limiting scope of review to whether conviction violates federal law).

■ Simonton next contends that a jury instruction covering premeditation against an aider and abettor based on strict liability violated his right to due process. We are not persuaded. *See Spivey v. Rocha,* 194 F.3d 971, 976 (9th Cir.1999) (rejecting contention that an aider and abettor must share the specific intent of the perpetrator).

■ Finally, Simonton contends that *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), abrogated the holding in *People v. Bright,* 12 Cal.4th 652, 49 Cal.Rptr.2d 732, 909 P.2d 1354 (1996), that California Penal Code § 664(a) is a penalty provision as opposed to a substantive offense. Simonton also argues, based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that *Jones* is a constitutionally compelled rule. *Jones* and *Apprendi,* however, do not support Simonton's contention that the jury must find that he, as an aider and abettor, personally premeditated murder because these decisions leave unchanged the requirement that the jury find beyond a reasonable doubt that the perpetrator premeditated murder. *See Spivey,* 194 F.3d at 976. We note that even if the rule announced in *Apprendi* were implicated here, Simonton would not be entitled to its retroactive application. *See United States v. Sanchez–Cervantes,* 282 F.3d 664, 671 (9th Cir.) (holding that *Apprendi* does not apply retroactively on collateral review), *cert. denied,* —— U.S. ——, 123 S.Ct. 48, 154 L.Ed.2d 243 (2002).

Accordingly, the California Court of Appeal's conclusion that the enhanced penalty provision of section 664(a) applies to aiders and abettors without regard to whether such persons personally harbored the intent to commit premeditated murder, did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law. *See* 28 U.S.C. § 2254(d).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.