John ROBINSON, Petitioner–Appellant,

v.

Kenneth DUCHARME, Respondent–Appellee.

No. 00–35296.

D.C. No. CV–95–00189–RHW.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.[*]

Decided Feb. 19, 2003.

Before LEAVY, FERNANDEZ and BERZON, Circuit Judges.

MEMORANDUM[**]

Washington state prisoner John Robinson appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his 1990 rape conviction. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we affirm.

Robinson contends that he was denied due process because the court failed to instruct the jury that the kidnaping element of first degree rape must be established by evidence independent of, and not incidental to, the rape. We are unpersuaded.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robinson's contention is unpersuasive because he has failed to demonstrate any jury instruction error that "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). Further, any error was harmless because there was sufficient evidence to establish the elements of kidnaping separate and apart from rape, and not merely incidental to it. *Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (holding that petitioners are entitled to habeas relief only if a trial-type error, in light of the record as a whole, "had substantial and injurious effect or influence on the jury's verdict"). Accordingly, the district court did not err by denying Robinson's § 2254 petition.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.