**Anthony A. ARCEO, Petitioner–Appellant,**

v.

**Tom L. CAREY, et al., Warden, Respondent–Appellee.**

No. 02–15925.

D.C. No. CV–99–01024–FCD.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 19, 2003.

---

tor's requests for oral argument and appointed counsel are denied.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Before LEAVY, FERNANDEZ and BERZON, Circuit Judges.

### MEMORANDUM**

California state prisoner Anthony A. Arceo appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition, challenging his conviction for kidnaping and related sex offenses. We have jurisdiction pursuant to 28 U.S.C. § 2253. We conduct an independent review of the record and relevant federal law when there is no reasoned state court opinion addressing a petitioner's federal claims. *See Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.2000). Reviewing de novo, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), we affirm.

Arceo first contends his constitutional rights were violated by judicial misconduct because the trial court (1) failed to sua sponte declare a mistrial, or admonish the jury after a prosecution witness attacked Arceo in the courtroom; and (2) instructed the jury not to feel pity for the defendant as a result of the altercation. Arceo also alleges that his due process rights were violated by prosecutorial misconduct because the prosecutor presented a case without evidence, and orchestrated the attack on Arceo by the prosecutor's witness. These contentions lack merit.

Because Arceo fails to allege any facts arising to the level of either judicial or prosecutorial misconduct, we conclude that the state court properly denied habeas relief on these claims. *Woodford v. Visciotti,* —— U.S. ——, 123 S.Ct. 357, 360, 154 L.Ed.2d 279 (2000) (deciding that the federal habeas scheme "authorizes federal-court intervention only when a state-court

decision is objectively unreasonable"), *rehearing denied,* —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d —— (2003); *see also Weighall v. Middle,* 215 F.3d 1058, 1062 (9th Cir.2000).

Arceo's last contention is that he received ineffective assistance of trial and appellate counsel. Arceo alleges that his trial counsel was ineffective by (1) failing to object before and after the attack by a prosecution witness; and (2) failing to request either a mis-trial, or for admonishment of the jury regarding the attack. Arceo contends that his appellate counsel was ineffective because counsel did not raise the issue of whether he was prejudiced by the attack.

Because trial and appellate counsels' representations were not outside the wide range of reasonable assistance, the district court properly determined that both counsels' performances were not deficient. *See Strickland v. Washington,* 466 U.S. 668, 687–688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring a showing of deficient performance and resulting prejudice); *Turner v. Calderon,* 281 F.3d 851, 872 (9th Cir.2002) (deciding that appellate counsel was not deficient for failing to raise meritless issues on appeal).

Therefore, Arceo has not demonstrated that the California state courts' rejection of his habeas claims was contrary to, or involved an unreasonable application, of Supreme Court precedent. *See* 28 U.S.C. § 2254(d); *Van Tran v. Lindsey,* 212 F.3d 1143, 1149 (9th Cir.2000).

**AFFIRMED.**

---

Fed. R.App. P. 34(a)(2). Accordingly, Arceo's motion for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.