Victor Manuel **MORALES,**
Petitioner—Appellant,

v.

Cal **TERHUNE,** Director, et al.,
Respondent—Appellee.

No. 01–17386.

D.C. No. CV–97–06004–REC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2003.

Decided March 5, 2003.

Before BEEZER, THOMAS and CLIFTON, Circuit Judges.

## MEMORANDUM *

Victor Manuel Morales appeals the district court's denial of his habeas corpus petition filed under 28 U.S.C. § 2254. Morales challenges his convictions for lewd and lascivious conduct with a child under the age of fourteen and for oral copulation with a child under the age of fourteen and more than ten years younger than the

defendant. The district court held that the exclusion of the victim's prior accusations of molestation by other individuals was not constitutional error and that defense counsel provided effective assistance. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review a district court's denial of a habeas petition de novo. *See Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999). Because Morales' first habeas petition was filed prior to AEDPA, the standard for determining whether habeas relief should be granted is whether alleged errors "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 623, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). Trial errors that do not have a substantial and injurious effect on the trial's outcome are deemed harmless error. *Eslaminia v. White,* 136 F.3d 1234, 1237 (9th Cir.1998).

The trial court's refusal to admit testimony about the victim's accusations of molestation by other individuals did not violate due process or the Sixth Amendment right to confrontation and did not have a substantial and injurious effect on the verdict. The excluded evidence could not undermine the victim's credibility as there was no evidence that the accusations were false. Nor were the accusations necessary for defense counsel to show the victim's motive to lie based on the custody dispute. Furthermore, the accusations did not provide an alternate explanation for the physical evidence because the accusations against the other individuals did not indicate penetration. The trial court's exclusion of the evidence under state law did

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

not affect Morales' constitutional rights. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Morales' ineffective assistance of counsel claims also fail. In order to show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defendant. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Judicial scrutiny of counsel's performance must be highly deferential .... a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052. In order to show prejudice, the defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

Defense counsel's performance in failing to object to Michele Hernandez and Lisa Adams' testimony was not deficient. Defense counsel capitalized on discrepancies in the timing of the alleged sexual conduct based on the testimony of Hernandez and Adams.

Counsel's failure to object to Shirley Bufton's testimony fell within the wide range of reasonable professional assistance. Counsel's decision not to object to the testimony of a grandmother, when testimony about the episode was likely to come in through the victim, was reasonable.

Morales' argument concerning counsel's failure to investigate Flash and Mike was not presented to the district court. We decline to address an issue not raised before the district court. *Christian v. Rhode,* 41 F.3d 461, 469 n. 9 (9th Cir.1994).

Finally, Morales has not shown deficient performance by counsel or prejudice from counsel's failure to request a recess before cross-examining Evielena Castaneda. The cross-examination successfully probed bias. The defendant's argument that DMV records would have corroborated his alibi is speculative. Although DMV records may establish ownership issues, they do not negate the possibility that Morales was seen with an unregistered motorcycle or a motorcycle that did not belong to Morales.

The district court's denial of the petition for habeas corpus is AFFIRMED.