**Werner Lee DOWDLE, Plaintiff–Appellant,**

v.

**A. LAMARQUE, Warden, Defendant–Appellee.**

No. 02–55741.

D.C. No. CV–01–05084–AHM.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2002.*

Decided March 20, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Werner Lee Dowdle appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his 1987 California convictions as time-barred pursuant to 28 U.S.C. § 2244(d)(1). We review de novo the district court's dismissal of Dowdle's habeas petition, we review the district court's findings of fact for clear error, *See Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Dowdle contends that his § 2254 petition was filed within the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitation period based on the date he diligently acquired the predicate facts necessary to support his petition. We conclude that the district court's factual findings concerning the "trigger date" for the running of the statute of limitations were not clearly erroneous. *See* 28 U.S.C. § 2244(d)(1)(D) (commencing one-year time limit on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"); *Hasan v. Galaza,* 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (stating the statute of limitations begins to run when the prisoner knows the important facts, not when the prisoner recognizes their legal significance). For this reason, based on the facts contained in the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

record, an evidentiary hearing was unnecessary. Accordingly, the district court properly dismissed Dowdle's petition as time-barred.

**AFFIRMED.**

---

\* Jo Anne B. Barnhart is substituted for her predecessor, as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the