**Richard Raymond RESSLER,
Petitioner—Appellant,**

v.

**G.J. GIURBINO, Warden,
Respondent—
Appellee.**

No. 02–55850.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 16, 2003.

Shakti Murthy, Santa Monica, CA, for Petitioner–Appellant.

Xiomara Costello, Los Angeles, CA, for Respondent–Appellee.

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM **

California state prisoner Richard Raymond Ressler appeals the district court's

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dismissal as untimely of his 28 U.S.C. §§ 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. §§ 2253(a). Reviewing de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we vacate and remand.

The district court dismissed the instant petition, Ressler's's second, as time-barred. Ressler argues this dismissal was erroneous because the district court failed to inform him that the AEDPA statute of limitations was about to expire.

Ressler contends that he is entitled to have his current habeas petition relate back to the timely filed first petition because the district court did not advise him of the federal statute of limitations when it granted his motion for voluntary dismissal of his first federal petition, which contained exhausted and unexhausted claims. *Cf. Ford v. Hubbard*, 330 F.3d 1086, 1102 (9th Cir.2003) (concluding that a second petition relates back to a first petition when the district court improperly dismissed the first petition without explaining the prisoner's options and the possible consequences). Because *Ford v. Hubbard* was decided after the district court ruled in this case, we vacate the dismissal and remand for consideration of whether, in the circumstances of this case, Ressler's petition is timely under *Ford v. Hubbard.*

**VACATED AND REMANDED.**