Oscar D. GUZMAN–SANTANA,
Petitioner—Appellant,

v.

John ASHCROFT, Attorney General;
et al., Respondents—Appellees.

No. 03–56074.

United States Court of Appeals,
Ninth Circuit.

Submitted April 22, 2004.*

Decided April 26, 2004.

Raul M. Montes, Esq., Montes & Montes, San Diego, CA, for Petitioner–Appellant.

Samuel W. Bettwy, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Respondents–Appellees.

Before: O'SCANNLAIN, RYMER, and BEA, Circuit Judges.

## MEMORANDUM **

Oscar D. Guzman–Santana, a native and citizen of El Salvador, appeals the district court's denial of his 28 U.S.C. § 2241 habe-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

as petition. We have jurisdiction under 28 U.S.C. § 2253, we review de novo, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999) and we affirm.

Guzman–Santana contends that a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h) violates his right to equal protection as an immigrant who had been admitted to this country as a legal permanent resident prior to committing an aggravated felony. This contention is unpersuasive. *See Taniguchi v. Schultz,* 303 F.3d 950, 957–58 (9th Cir.2002) (holding that there is a rational basis for denying the waiver to aggravated felon LPRs but not to other aliens).

Guzman–Santana next claims a due process violation because the immigration judge failed to inform him of the possibility for relief. This contention lacks merit. *See United States v. Garza–Sanchez,* 217 F.3d 806, 810 (9th Cir.2000) (stating that an immigration judge is only required to inform the respondent of statutory grounds for relief from deportation found in the immigration laws); *see also Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000) (requiring a showing of prejudice in order to prevail on a due process claim).

We decline to address Guzman–Santana's general international law contention raised for the first time in his traverse. *See Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir.1994) ("A Traverse is not the proper pleading to raise additional grounds for relief.").

Finally, Guzman–Santana's contention that the BIA's streamlining procedure violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51

---

1. To the extent that petitioner argues that this panel should overrule current Ninth Circuit case law, that is not possible. *See Benny v. U.S. Parole Commission,* 295 F.3d 977, 983 (9th Cir.2002) ("We are bound by decisions of prior panels unless an en banc decision, Su-

---

(9th Cir.2003). His argument that the holding in *Falcon Carriche* does not apply to the specific facts of his case is frivolous.

**AFFIRMED.**[1]

---

preme Court decision or subsequent legislation undermines those decisions.").

