Enrique ZARAGOZA, Jr., Petitioner— Appellant,

v.

A. LAMARQUE, Warden, Respondent— Appellee.

No. 02–56697.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 15, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Enrique Zaragoza, Jr., Corcoran, CA, pro se.

Darlene M. Ricker, Attorney at Law, Malibu, CA, Scott A. Taryle, Esq., AGCA—Office of the California Attorney General (LA), Los Angeles, CA, for Respondent—Appellee.

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM **

California state prisoner Enrique Zaragoza, Jr., appeals the district court's order denying his 28 U.S.C. § 2254 petition challenging his 25–years–to–life sentence imposed for evading a peace officer. We have jurisdiction pursuant to 28 U.S.C. § 2253, and review *de novo* the denial of his § 2254 petition, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999). After considering the briefs filed, we affirm.

■ The certificate of appealability was granted as to whether there was insufficient evidence to support the state court's findings that appellant had a prior conviction of assault with a deadly weapon. A review of the record establishes the fact that appellant has a prior conviction of assault with a deadly weapon by an inmate and that this prior conviction constitutes a "serious" prior felony. *See* Cal.Penal Code § 1192.7(c)(13). To the extent appellant contends that the evidence was insufficient to prove his assault conviction was a serious prior felony conviction pursuant to California's Three–Strikes Law, such contention fails. Moreover, this is an issue of state law and as such is generally not cognizable on federal habeas review, *see Miller v. Vasquez*, 868 F.2d 1116, 1118–19 (9th Cir.1989) (noting that whether a prior conviction qualifies for a sentence enhancement under California law is not a cognizable federal habeas claim), and appellant has failed to state a claim for which federal relief could be granted. *See* 28 U.S.C. § 2254(a).

■ Appellant also contends that counsel was ineffective for failing to object to hearsay evidence introduced in connection

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

with his prior conviction for assault. However, appellant cannot demonstrate prejudice from the omission because the prior judgment alone is sufficient to show the offense was "serious" under California's Three–Strikes Law. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

We construe the remaining contentions in the opening brief which fall outside the scope of the certificate of appealability as a request to broaden the certificate of appealability. That request is denied because there has been no substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Counsel's motion to withdraw is granted.

AFFIRMED.