MEMORANDUM **
Petitioner-Appellant Gary Goldsmith appeals from the district court’s dismissal of his federal habeas petition for failure to comply with the one-year statute of limitations imposed under 28 U.S.C. § 2244(d)(1)(A). The facts are known to the parties and need not be repeated here.
Goldsmith argues that he is entitled to equitable tolling from the one-year statute of limitations. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999). While Goldsmith contends that the California state trial court’s failure to provide him with assistance of counsel rendered the timely filing of his state habeas petition impossible, we have held that lack of counsel is insufficient to trigger equitable tolling. See Roy v. Lampert, 465 F.3d 964, 970 (9th Cir.2006) (“[W]e have never accepted pro se representation alone ... as an excuse for prolonged inattention when a statute’s clear policy calls for promptness.”) (quoting Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005)).
Goldsmith also argues that the preparation of his state habeas petition was hampered by a deficient prison library. However, because he concedes that he was able to obtain legal materials from other sources, we are satisfied that any such deficiency did not “actually prevent[ ][him] from preparing or filing a timely petition.” Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir.2005); see also Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir.2006) (applying equitable tolling where a prison library lacked Spanish language resources, in light of the “petitioner’s inability to obtain translation assistance before the one-year deadline”).
For the foregoing reasons, the district court’s dismissal of Goldsmith’s federal ha-' beas petition is
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.